NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VERONICA VILLARREAL,<br><br>                                Plaintiff,<br><br>           v.<br><br>UNITED AIRLINES, INC and ASSOCIATION<br>OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>                                Defendants. | Civil Action No.: 2:19-10580<br><br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on two motions to dismiss pro se Plaintiff Veronica Villareal's ("Plaintiff") Amended Complaint (ECF No. 41 ("AC")):  (1) Defendant United Airlines, Inc.'s ("United") motion to dismiss (ECF No. 48) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and (2) Defendant Association of Flight Attendants-CWA, AFL-CIO's ("AFA") motion to dismiss (ECF No. 49) pursuant to Rule 12(b)(6).  This matter is decided without oral argument pursuant to Rule 78(b).  For the reasons set forth below, both motions are granted, and the Amended Complaint is dismissed.

I.     **BACKGROUND**[1]

A.     **Summary**

Plaintiff is a woman of Mexican descent, who was employed by United as a flight attendant.  The instant action arises out of her termination in 2014 for missing a scheduled flight. Plaintiff alleges that she suffered ethnic discrimination at the hands of her supervisor from approximately 2008 to 2013, and that her union (AFA) failed to adequately represent her during various employment disputes in that timeframe and subsequent termination hearings.  After failing

---

[1]  The following facts are accepted as true for purposes of the instant motions.

to overturn her termination through United's internal measures, in 2016, Plaintiff sued United and her ex-supervisor in state court, asserting discrimination.   Plaintiff's state court action was dismissed in 2018.   In 2019, Plaintiff initiated the instant action, asserting the same claims of discrimination against United but now joining AFA.   United maintains that Plaintiff was terminated for just cause and argues that discrimination claims against it are barred by preclusion doctrines.   AFA contends that it made a good-faith effort to defend Plaintiff, timely filed her termination grievance, and closed her case after determining that it lacked merit to proceed to arbitration.

### B.  Background

Plaintiff was first hired as a flight attendant in June 1997 by Continental Airlines, which later merged into United.  *See* AC at 1.  In mid-2008, Plaintiff attempted to intervene in United's investigation of another employee as a witness, but United did not allow her to do so.  Id.  Plaintiff thereafter filed a complaint of discrimination at United's headquarters.  Id.  Plaintiff alleges that, after filing the complaint, her then-supervisor, Margaret Komar-Kasnowski, ("Komar-Kasnowski") retaliated and discriminated against her.  Plaintiff specifically alleges that Komar-Kasnowski:  (1) investigated Plaintiff; (2) issued pretextual disciplinary and tardiness warnings; (3) made fun of Plaintiff's accent; (4) called Plaintiff "Charo," the nickname of a famous Spanish-American actress; and (5) announced Plaintiff's private medical information to other employees. Id. at 1–2.

On April 24, 2013, Plaintiff filed a complaint against Komar-Kasnowski with her base manager.  Id. at 2.  The day after filing the complaint, Plaintiff received a termination warning from Komar-Kasnowski for missing her assigned flights, which Plaintiff alleges was retaliatory. Id.; ECF No. 2-1, Exhibit to Original Complaint ("Exh."), at 9.  After receiving the warning,

Plaintiff contacted AFA to file a grievance against Komar-Kasnowski, but it is unclear whether AFA responded to Plaintiff's requests.  AC at 2.

Sometime between April 2013 and July 2014, Plaintiff communicated with AFA representative Trisha Williams ("Williams"), hoping to remove the termination warning from her record.  Id. Williams received a written statement from Plaintiff and informed her that she would schedule a grievance hearing.  Id. at 3.  Williams eventually reported to Plaintiff that 'step 1' of the termination warning grievance was denied and transferred for appeal.  Id.  Plaintiff did not receive any further information from Williams or AFA with regards to her termination warning grievance.  Id.  Plaintiff alleges that she was improperly denied a hearing on the issue and that United failed to produce scheduling tapes essential to her scheduling dispute.  Id. at 3–4.

On August 7, 2014, United informed Plaintiff that she was terminated due to an unsatisfactory work record, including attendance infractions that Plaintiff contests.  Exh. at 14–15; AC at 3.  Plaintiff objected to her firing during a termination meeting and noted Komar-Kasnowski's acts of discrimination against her.  Id.  AFA's Steve Brooks ("Brooks") represented Plaintiff at the termination meeting, although Plaintiff alleges that "Brooks did not respond or act[] in conforming the plaintiff's rights."  Id.

Subsequently, AFA filed a grievance over Plaintiff's termination.  In September 2014, a 'step 1' grievance hearing was conducted before Janie Devito, a supervisor at United.  Id. at 4.  Plaintiff alleges that her termination was overturned at the step 1 hearing, but that AFA—through Brooks and another representative, Lynn Barnett ("Barnett")—falsely informed her that the grievance was denied at step 1.  Id.  Despite Plaintiff's assertion that her termination was overturned at the step 1 hearing, she also alleges that, sometime in November 2014, a 'step 2' grievance hearing took place.  At this stage, the handling of the grievance was assigned to AFA

representative Cindy Commander-Stegemoller ("Commander-Stegemoller").  Id. at 6, ¶¶ 5–6.[2]
Plaintiff was notified that United denied the grievance at step 2.  Id. at 6, ¶ 6.  She subsequently
requested records of the grievance hearings but AFA told her it is not required to create records of
any grievance process.  Id. at 4.

On December 23, 2014, Commander-Stegemoller informed Plaintiff that AFA's grievance
committee had determined that her grievance did not have sufficient merit to proceed to arbitration.
Exh. at 33.  In January 2015, AFA transferred her case to AFA Counsel Scott Goodman
("Goodman").  Exh. at 36; *see* AC at 7.   On March 16, 2015, Goodman reported to Plaintiff that
AFA had decided not to arbitrate her grievance, but that the option to proceed to arbitration on her
own remained open if she agreed to pay $5,000 to an arbitrator.   Exh. at 39; AC at 7, ¶ 7.  Plaintiff
alleges that, on about March 16, 2015, she emailed Goodman stating that she was interested in
pursuing arbitration but received no response from him or AFA.  Id.  However, AFA contends that
Plaintiff did not take any steps to initiate the arbitration or provide payment for arbitration.  ECF
No. 49-2 at 11.

Sometime thereafter, Plaintiff repeatedly emailed Goodman requesting access to the
records of her grievance hearing and eventually, she received records relating to the step 1 hearing.
Id. at 4.  Plaintiff believes these records "proved [] [her] termination was overturned including
documents supporting the reason for overturning the termination."  Id. at 4.  Plaintiff alleges that
she discovered this "new evidence" of her termination being rescinded in January 2018.  ECF No.
55 at 2.  She attached to her initial complaint one of the documents that allegedly establishes
rescission (labeled "Formal Notice").  ECF No. 2 at 24; ECF No. 2-1 at 57–58.  In her opposition

---

[2] On November 21, 2014, Commander-Stegemoller explained to Plaintiff that the grievant is never
present at step 2 hearings because the hearing is between the company and the union only, an
assertion that Plaintiff claims is false.  Exh. at 25; *see* AC at 6, ¶ 6.

to the motions to dismiss, Plaintiff attaches the same document (now labeled "Exhibit A") and again claims that the document is evidence of "Devito['s] decision to overturn [the] termination of Plaintiff."  ECF No. 55 at 11; *see also* id. at 18 (Plaintiff states that Exhibit A is a "document showing termination overturned").  However, this document does not appear to show that her termination was overturned, it merely states the relief that Plaintiff sought from the grievance committee:  "*Remedy Sought*: Grievance upheld. Termination overturned and the grievant be returned to wo[r]k and made whole as it applies to all aspects of their job."  ECF No. 55-1 at 6, Exh. A (emphasis added, entire excerpt highlighted in original).[3]

### C. Equal Employment Opportunity Commission Investigation

On February 26, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") alleging that United engaged in discrimination based on Plaintiff's race, ethnicity, and/or national origin in violation of Title VII of the Civil Rights Act and retaliation.  Exh. at 92.  On January 15, 2016, the EEOC recommended that the case be closed for lack of reasonable cause.  Id.  On January 30, 2016, the EEOC sent Plaintiff a notice dismissing Plaintiff's EEOC complaint because the EEOC was unable to conclude that United had violated federal law.  Id. at 46.  The notice provided Plaintiff a right-to-sue, which stated that Plaintiff "may only pursue this matter by filing suit against the Respondent named in the charge [United] within 90 days of receipt of said notice. Otherwise, [the] right to sue will be lost."  Id.

---

[3] On an unspecified date, Plaintiff contacted AFA's headquarters, namely AFA's International Secretary Treasurer Kevin Creighan ("Creighan"), to appraise them of her "discovery."  AC at 4. She received little help besides being informed that Goodman no longer works for AFA.  AC at 4; Exh. at 74.

### D.      State Court Action

On August 4, 2016, Plaintiff filed an action against United and Komar-Kasnowski in New Jersey Superior Court, County of Essex captioned *Villarreal v. United Airlines and Komar-Kasnowski* bearing docket number ESX-L-5461-16 (the "State Court Action"). Plaintiff claimed that she was subjected to discrimination based on her race, ethnicity, and/or national origin during her employment with United and was wrongfully terminated in violation of the New Jersey Law Against Discrimination ("NJLAD"). Exh. at 54–56; ECF No 48-3 at 7–9. Plaintiff made virtually the same allegations against United and Komar-Kasnowski in her State Court Action as she does in the instant action. *See* Exh. at 54–56

On September 28, 2018, the Court granted United and Komar-Kasnowski's unopposed motion for summary judgment and dismissed Plaintiff's state court complaint with prejudice. ECF No. 48-3 at 12–13.[4]  Plaintiff did not appeal the September 2018 order. Hall Decl., ¶ 15.

### E.      Procedural History of the Instant Action

On April 5, 2019, Plaintiff initiated the instant action in the United States District Court for the Southern District of New York against United and AFA ("Defendants"), alleging:  (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act (the "FLSA"), and the Railway Labor Act ("RLA"); (2) breach of contract; and (3) negligence. ECF No. 2.  The case was transferred to this Court on April 22, 2019.  ECF No. 5.  On October 1,

---

[4] In her opposition to the motions to dismiss, Plaintiff alleges that she was not allowed to submit an opposition to the motion for summary judgment because her ex-counsel was still the attorney on file despite withdrawing from the case earlier on.  ECF No. 55 at 3.  United asserts that Plaintiff knowingly appeared in the State Court Action *pro se*, following her former counsel's request to withdraw, and that nothing restricted her ability to respond to the motion for summary judgment or appeal the order granting dismissal.  ECF No. 59 at 8.

2019, AFA filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (ECF No. 12), which the Court granted on May 5, 2020 (ECF No. 37).

On June 2, 2020, Plaintiff filed a response to the Court's order for a more definite statement. AC at 1. Defendants and the Court accept Plaintiff's filing as her Amended Complaint. *See* ECF Nos. 48-1 at 13, 49-2 at 12. The Amended Complaint is difficult to follow, as it contains many conclusory statements, spelling and grammatical errors, and the allegations are at times out of order or incoherent. *See generally* AC. Although Plaintiff does not number her claims, the Court discerns five causes of action: (1) a violation of Title VII by AFA and United (AC at 5–8); (2) breach of contract by United and AFA (id. at 8); (3) breach of the duty of fair representation by AFA (id. at 8); (4) violation of section 204 of the RLA by AFA (id. at 9); and (5) negligence by AFA and United (id. at 9). Plaintiff seeks immediate reinstatement of employment, compensatory damages (backpay and pain and suffering) and punitive damages. Id. at 9.

On June 16, 2020, United filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 48), and AFA filed its motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 49). United argues that all claims against it are barred by *res judicata* and New Jersey's Entire Controversy Doctrine (ECF No. 48-1 at 8–14), Plaintiff's claims for violations of Title VII and negligence are barred by their respective statutes of limitations (id. at 13–16), and the Court lacks jurisdiction over Plaintiff's breach of contract claim because it is preempted by the RLA (id. at 16–18). AFA argues that Plaintiff failed to sufficiently allege any claims against it, and moreover, that Plaintiff's duty of fair representation claim is untimely. 49-2 at 13–26.

On July 30, 2020, Plaintiff filed a brief titled "motion for a partial order in favor of plaintiff of the undisputed complaints and opposition to defendants United Airlines['] and AFA Union['s]

motions to dismiss the complaints." ECF No. 55.[5]   Although Plaintiff filed her opposition eight

days later than the Court-approved deadline of July 22, 2020 (*see* ECF No. 52), the Court will

consider her submission nonetheless.  *See Lemons v. Atl. City Police Dep't*, No. 06-3440, 2009

WL 140514, at *1 (D.N.J. Jan. 20, 2009) (considering *pro se* plaintiff's opposition despite plaintiff

filing three weeks late).  On August 10, 2020, Defendants replied to Plaintiff's opposition.  ECF

Nos. 58, 59.

## II.   <u>LEGAL STANDARD</u>

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must

contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A claim is facially plausible when supported

by "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.*  A complaint that contains "a formulaic recitation of the

elements of a cause of action" supported by mere conclusory statements or offers "'naked

assertions' devoid of 'further factual enhancement'" will not suffice.  *Id.* (citation omitted).  In

evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all

reasonable inferences in favor of the non-moving party, and disregards legal conclusions.  *Phillips*

*v. Cty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).  *Pro se* complaints are liberally

---

[5] In her opposition, Plaintiff raises a claim under the FLSA.  ECF No. 55 at 5.  Even though
Plaintiff raised an FLSA claim in her initial complaint, the Court will not consider the omitted
FLSA claim because the Amended Complaint has become the operative pleading.  *See Garrett v.*
*Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the
original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended
complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778
F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a pro se amended
complaint does not mean accumulating allegations from superseded pleadings").  Moreover,
Plaintiff cannot amend her complaint via an opposition brief to a motion to dismiss.  *See*
*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

construed and held to less stringent standards than pleadings drafted by lawyers; however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

The Court has considered the arguments for and against dismissal and finds, as explained below, that:   (A) all of Plaintiff's claims against United are barred by New Jersey's Entire Controversy Doctrine and *res judicata*, and thus are dismissed; (B) Plaintiff's Title VII claims against AFA and United, Plaintiff's breach of duty of fair representation claim against AFA, and Plaintiff's negligence claim against United and AFA are dismissed for failure to state a claim pursuant to Rule 12(b)(6); and (C) Plaintiff's breach of contract claim against United and AFA is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### A.   Preclusion:  United

As an initial matter, the Court finds that all claims against United are barred by New Jersey's Entire Controversy Doctrine and *res judicata*.  ECF No. 48-1 at 8–14.

The Entire Controversy Doctrine, codified under N.J. Ct. R. 430A, and *res judicata* "both share a trio of requirements" for preclusive effect to be given to a claim:  (1) "the judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be identical or in privity with those in the prior action"; and (3) "the action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) (applying the Entire Controversy Doctrine together with *res judicata*) (citations omitted).  All three elements are satisfied here.

First, the judgment in the State Court Action was valid, final, and on the merits, as the action was dismissed with prejudice on a motion for summary judgment. *See ITT Corp. v. Intelnet*

*Int'l Corp.*, 366 F.3d 205, 214 n.17 (3d Cir. 2004) ("[A] dismissal with prejudice clearly constitutes an adjudication on the merits…") (citation omitted); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."). Second, Plaintiff and United were parties in both suits as Plaintiff sued United in the State Court Action, and she is suing United again in the instant lawsuit.

Lastly, Plaintiff's claims in this lawsuit arise out of the same transaction or occurrence as her NJLAD claim in the State Court Action, namely Plaintiff's employment at United and her subsequent termination.  In evaluating the third and final element, courts consider whether the acts complained of and the material facts alleged are the same, whether the relief sought is the same, and whether the same evidence necessary to maintain the second action would have been sufficient to support the first.  *See Athlone Indus., Inc.*, 746 F.2d at 984.  Here, Plaintiff's core complaint in the State Court Action—discrimination and retaliation by United, mainly by her supervisor, Komar-Kasnowski—is identical to her core complaint in the instant action.[6]  *See* Exh. at 54–56. Moreover, the relief sought (compensatory and punitive damages) is the same in both actions, although Plaintiff additionally seeks immediate reinstatement of employment in the instant action. *See id.*  Notably, the material facts alleged in the State Court Action are the same as those alleged in this action.  In 2008, a hostile relationship developed between Plaintiff and Komar-Kasnowski following Plaintiff's involvement in another employee's disciplinary hearing.  Exh. at 54–56, ¶¶ 3–4. Thereafter, Komar-Kasnowski mocked Plaintiff's ethnicity and issued pretextual warnings (id. ¶¶ 5, 8, 9), and in July 2014 Plaintiff was terminated for failing to call out of work, although

---

[6] Although Plaintiff's Amended Complaint contains many new allegations concerning errors committed during her grievance hearings, those new allegations are aimed primarily at AFA.

Plaintiff claims she did (id., ¶ 14).  Indeed, the evidence necessary to maintain the instant action, such as evidence of discriminatory acts by Komar-Kasnowski, would have supported the State Court Action.  *See Athlone Indus., Inc.*, 746 F.2d at 984.  Thus, the third element of preclusion is met here.

The fact that Plaintiff introduces new claims in the instant action is irrelevant.  The Entire Controversy Doctrine bars claims that "accrued, ripened, and become known to [Plaintiff] during the pendency of the state court [] action."  *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 548 (D.N.J. 2017).  Similarly, "[t]he doctrine of *Res Judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought."  *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).  Plaintiff appears to argue that her claims remain viable because she discovered new evidence, which revealed that United not only discriminated and retaliated against Plaintiff but also falsely stated that "Plaintiff['s] termination was not overturned."  ECF No. 55 at 8.  However, Plaintiff states that she discovered the allegedly "[n]ew evidence" in January 2018.  Id. at 2.  Consequently, Plaintiff was aware of any claims based on this new evidence during the pendency of the State Court Action, which was finalized in September 2018, and could have raised these claims earlier.

Therefore, as all three preclusion elements are satisfied here, all claims against United are barred by both the Entire Controversy Doctrine and *res judicata*, including any new claims based on the alleged concealment of Plaintiff's termination being overturned.  *See Duhaney*, 621 F.3d at 347; *Puche*, 256 F. Supp. 3d at 548.

### B.      Failure to State a Claim

Next, the Court considers whether Plaintiff has sufficiently alleged a claim for relief.  For the reasons set forth below, the Court dismisses the following claims under Rule 12(b)(6):  (1)

Plaintiff's Title VII claims against AFA and United; (2) Plaintiff's breach of duty of fair representation claim against AFA; and (3) Plaintiff's negligence claim against United and AFA.

### 1.   Title VII

Plaintiff alleges in her Amended Complaint that both AFA and United violated Title VII by discriminating against her on the basis of her race, gender, and/or national origin, and by retaliating against her for attempting to intervene in a coworker's investigation and for filing discrimination complaints.   AC at 5–8.   Plaintiff specifically alleges that various AFA representatives (Williams, Barnett, Goodman, and Creighan) "discriminated" and/or "retaliated" against her by mishandling the defense of Plaintiff's grievances.  AC at 5–8.  Plaintiff's claim against AFA is dismissed because she has failed to plead an exhaustion of administrative remedies or the *prima facie* elements of a Title VII claim.   Plaintiff's Title VII claim against United is dismissed because she did not adhere to the statute of limitations.

### a.   Title VII Claim against AFA

Prior to initiating a Title VII action, a plaintiff must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving a right to sue letter from the EEOC. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469–70 (3d Cir. 2001); *see* 42 U.S.C. § 2000(e)–5(e)(1) (setting forth procedural requirements for a Title VII action).   "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).   A plaintiff's "[f]ailure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999)).   The Amended Complaint does not contain any allegation that Plaintiff filed

an EEOC claim or obtained a right-to-sue letter against AFA, and no such documents are attached to her filings.  Moreover, Plaintiff does not appear to dispute AFA's argument that she failed to allege an exhaustion of administrative remedies.  Thus, Plaintiff's Title VII claim against AFA is dismissed.  *See Devine v. St. Luke's Hosp.*, 406 F. App'x at 656.

AFA additionally argues that, even if Plaintiff had alleged an exhaustion of administrative remedies, and timely filed the instant action, her Title VII claims must nevertheless be dismissed because they are conclusory and do not give rise to a plausible claim.  The Court agrees.

To establish a *prima facie* case of discrimination under Title VII, Plaintiff must allege:  "(1) that [she] is a member of a protected class; (2) that [she] was qualified for the position she held; (3) that [she] suffered an adverse employment action; and (4) the adverse employment action was 'under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class.'"  *Jones v. Express Jet Airlines*, No. 11-926, 2011 WL 5024435, at *3 (D.N.J. Oct. 17, 2011) (quoting *Jones v. School District of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999)).

Even liberally construing Plaintiff's allegations, she has failed to allege the fourth element of a Title VII discrimination claim – that any adverse actions[7] were taken against her because of her race or gender; nor does Plaintiff provide facts that could create an inference of discrimination by AFA.  *See Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 356 (3d Cir. 1999) (to meet the fourth element, the plaintiff must put forward "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion").  In particular, Plaintiff fails to allege that other employees who were of a different ethnicity, national origin, and/or

---

[7] Plaintiff alleges various adverse actions taken by AFA representatives, such as Williams' abandonment of Plaintiff's grievance complaint (AC at 6), Brooks' failure to protect Plaintiff's due process rights (id.), and Goodman's failure to pursue arbitration on Plaintiff's behalf (id. at 7).

gender, were treated more favorably; even though such allegations are essential for a Title VII discrimination claim. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (holding that the central focus of a prima facie Title VII discrimination case "is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex or national origin") (internal quotations omitted). Therefore, Plaintiff fails to state a discrimination claim against AFA under Title VII. *See Santos v. Iron Mountain Film & Sound*, No. 12-4214, 2014 WL 673064, at *4 (D.N.J. Feb. 20, 2014), *aff'd*, 593 F. App'x 117 (3d Cir. 2014) (dismissing plaintiff's claim where he failed to allege "that other employees who were of a different ethnicity or national origin were treated more favorably" because without such factual content the Court cannot infer discrimination).

Plaintiff also fails to a state a retaliation claim against AFA under Title VII. "To establish a prima facie case of retaliation [against a union], the plaintiff must demonstrate: (1) she participated in a protected activity known to the [u]nion; (2) she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action." *Patterson v. AFSCME #2456*, No. 07-0965, 2008 WL 2073991, at *12 (M.D. Pa. May 14, 2008), *aff'd*, 320 F. App'x 143 (3d Cir. 2009) (citations omitted).

Although the filing of a grievance against one's employer qualifies as an activity protected by Title VII (*Overall v. Univ. of Pa.*, 412 F.3d 492, 499 (3d Cir. 2005)), Plaintiff has not sufficiently alleged a causal connection between the filing of her grievance and AFA's refusal to proceed to arbitration; nor may the Court reasonably infer any causal connection from her pleadings. Here, almost a year elapsed between the filing of Plaintiff's third grievance and AFA's decision not to proceed to arbitration; thus, the timing was not suggestive of retaliatory motive. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing cases where three and

four months between protected activity and adverse employment action was insufficient to establish a causal connection).  Moreover, the Amended Complaint lacks factual allegations that suggest AFA harbored antagonism towards Plaintiff.  Accordingly, Plaintiff's Title VII discrimination claim against AFA fails to state claim.  *See Patterson*, 2008 WL 2073991, at *12.

Therefore, as an additional basis for dismissal of the Title VII claim against AFA, Plaintiff's claim is dismissed for failing to plead the requisite elements.

### b.  Title VII Claim against United

Plaintiff's Title VII claim against United is barred by the applicable statute of limitations. Although Plaintiff does attach (to her initial complaint) the required right-to-sue letter against United, the letter reveals how Plaintiff's claims against United are time-barred.  *See* Exh. at 46.  A Title VII action "must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge."  *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)).  The 90-day period is generally triggered on the date the complainant receives the right-to-sue letter. *Id.*  Here, the EEOC issued Plaintiff a right-to-sue letter on January 30, 2016, and Plaintiff filed the State Court Action on August 4, 2016, which suggests that Plaintiff received the right-to-sue letter sometime prior to August 4, 2016.  Plaintiff's filing of the instant action in April 2019, at least two and a half years after she received the right-to-sue letter, is untimely.  *See* 42 U.S.C. § 2000e-5(f)(1); *Burgh*, 251 F.3d at 470 (3d Cir. 2001).[8]

---

[8] The Court notes that Plaintiff has not made any allegations that suggest she received the January 2016 right-to-sue letter after August 2016, or that suggest a different right-to-sue letter is operative herein.

### 2.  Breach of the Duty of Fair Representation claim against AFA

Plaintiff also alleges that AFA breached its duty of fair representation to her, but does not explain what conduct constituted a breach of this duty.  *See* AC at 8. Plaintiff merely states that "the AFA union not only failed to perform its duty of fair representation, in addition, [] the union also obstructed the Plaintiff['s] right[] to return to work after the AFA was aware of the results of overturning the termination."  Id.

"The duty of fair representation is inferred from unions' exclusive authority under the National Labor Relations Act . . . to represent all employees in a bargaining unit." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 563 (1990).  The duty operates as a "bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law.'" *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74–79 (1989) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). It applies to the bargaining process between the union and employer, as well as the subsequent enforcement of the collective bargaining agreement. *Chauffeurs, Teamsters & Helpers*, 494 U.S. at 563. Accordingly, the union is "required to pursue [its members'] grievances in a manner consistent with the principles of fair representation." *Id.*

The Court finds that Plaintiff's duty of fair representation claim is time-barred.  A claim for a breach of the duty of fair representation faces a six-month statute of limitations, which begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Vadino v. A. Valey Engrs.*, 903 F.2d 253, 260 (3d Cir. 1990) (citing *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986)).[9]  Here,

---

[9] Courts in this Circuit have "appl[ied] the *Hersh* standard for commencement of the limitations period for DFR claims in many varied circumstances." *Kleinerman v. Chao*, No. 05-2699, 2006 WL 1949211, at *3 (D.N.J. July 12, 2006) (collecting cases).

the statute of limitation was triggered, at the latest, in January 2018, when Plaintiff discovered the allegedly new evidence of her termination being overturned.[10]   Thus, Plaintiff's initiation of the instant action in April 2019, over one year later, was untimely.   Accordingly, the Court dismisses Plaintiff's duty of fair representation claim on timeliness grounds.   *See id.*[11]

### 3.   Violation of the RLA by AFA (id. at 9)

Next, Plaintiff alleges that AFA violated section 204 of the RLA when it misrepresented to Plaintiff that her termination was not overturned.  AC at 9.[12]   However, there does not appear to be a private cause of action for a breach of section 204.  The RLA governs only three types of disputes: (1) "representation disputes" (disputes concerning the selection of collective-bargaining representatives), (2) "major disputes," (disputes over the formation of collective agreements or efforts to secure them) and (3) "minor disputes" (disputes concerning an interpretation of existing collective agreements).  *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*, 155 F.3d 685, 690 (3d Cir. 1998); *Int'l Ass'n of Machinists & Aerospace Workers Dist. Local Lodge 1776 v. Jackson*, No. 09-150, 2010 WL 597247, at *3 (E.D. Pa. Feb. 19, 2010).  Plaintiff does not dispute the selection of her AFA representatives or the formation of the CBA.  Nor does Plaintiff's RLA claim appear to

---

[10] Plaintiff does not address AFA's timeliness argument in her opposition brief.

[11] Although AFA additionally argues that Plaintiff's claim must be dismissed for failure to state a claim, the Court will not reach this argument at this time because the Amended Complaint is unclear as to which alleged actions taken by AFA constituted a breach of the DFR.

[12] Section 204 of the Railway Labor Act (RLA) states:  "The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided . . . It shall be the duty of every carrier and of its employees . . . to establish a board of adjustment . . . Such boards of adjustment may be established by agreement . . ."  45 U.S.C. § 184.

be based on an interpretation of the CBA—and even if it were, it would be barred by preemption, as explained *infra*. Therefore, Plaintiff's claim for a violation of Section 204 is dismissed.

### 4. Negligence by AFA and United

Plaintiff also asserts a negligence claim against AFA and United. AC at 9. Plaintiff alleges that United acted negligently by discriminating and retaliating against her, and AFA acted negligently by failing to enforce Plaintiff's claims of discrimination. Id.

To make a *prima facie* case for common law negligence in New Jersey, a plaintiff must plead four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 221 N.J. 36, 51 (2015); *Brunson v. Affinity Fed. Cred. Union*, 199 N.J. 381, 400 (2009). Negligence claims under New Jersey law must be filed within two years after accrual of the claim. *Russo Farms v. Vineland Bd. of Educ.*, 144 N.J. 84, 98 (1998) (citing N.J. Stat. § 59:8-8). "A claim for negligence accrues when [the plaintiff] suffers actual consequential damage or loss from the defendant's negligence." *Id.* at 98 (internal quotations and citations omitted).

Although it is unclear when Plaintiff sustained damages, United asserts that the negligence claim against it accrued, at the latest, on August 6, 2014, which was Plaintiff's last day with United. ECF No. 48-1 at 23. Plaintiff does not dispute this assertion and does not offer an alternative accrual period. Nevertheless, construing all inferences in favor of Plaintiff, the Court finds that her negligence claim against United accrued, at the latest, in December 2014, when United denied Plaintiff's termination grievance at step 2. *See* AC at 6, ¶ 6. Furthermore, the Court finds that Plaintiff's negligence claim against AFA accrued, at the latest, in March 2015, when AFA informed Plaintiff that it would not pursue arbitration on her behalf. AC at 7, ¶ 7; Exh. at 39. Neither AFA nor Plaintiff have posited an alternative period of accrual. Accordingly, any claim

for negligence against United expired in December 2016, and any claim for negligence against AFA expired in March 2017. *See* N.J. Stat. § 59:8-8; *Russo Farms*, 144 N.J. at 98. Thus, Plaintiff's negligence claims, filed on April 5, 2019, are dismissed as untimely as to both Defendants.

### C.   Subject Matter Jurisdiction over Breach of Contract Claim

Next, the Court considers Plaintiff's breach of contract claim. Plaintiff alleges that United and AFA breached the CBA by intentionally failing to comply with its terms but does not specify what actions taken by United or AFA constituted a breach. AC at 8.[13]  United correctly argues that this Court lacks subject matter jurisdiction over any breach of contract claims, due to preemption by the RLA. Thus, preemption is an additional basis for dismissal of the breach of contract claim against United (as the claims is already barred by preclusion doctrines) and the sole basis for dismissal of the breach of contract claim against AFA.

Plaintiff's employment with United was subject to the RLA (45 U.S.C. § 151, *et seq.;* 45 U.S.C. § 181, *et seq.*), which was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (citation omitted).[14]  Section 2 of the RLA, 45 U.S.C. § 151a preempts all state law governing so-called "minor" disputes between employers and employees.

---

[13] Based on Plaintiff's briefing, it appears Plaintiff is asserting at least three bases for her breach of contract claim. First, Plaintiff argues that United's failure to produce records of her scheduling violation constitutes a breach of Section 19-7 of the CBA. *See* ECF Nos. 55 at 6 ("[U]nited Airlines [has a d]uty to provide[] all tap[e]s whenever [there] is a conflict [with] flight attendants [concerning] [s]cheduling to deny or confirm [a]ny miscommunications, [h]owever, TAPES NOT FOUND BY UNITED AIRLINES contract (19-7)") (emphasis in original); 55-1 at 18–19 (Plaintiff provides an excerpt of Section 19-7 of the CBA). Second, Plaintiff argues that she was denied the right to be present at the grievance hearing in violation of Section 19-5 of the CBA. ECF No. 55 at 6. Third, Plaintiff argues that she did not receive a written decision of her step 2 grievance hearing in violation of Section 19-4. ECF No. 55 at 9.

[14] All provisions of the RLA were made applicable to the nation's airlines by 45 U.S.C. § 181 (except the provision creating the National Railroad Adjustment Board).

*Id.* at 256.   A dispute is minor if it involves "the interpretation or application of existing labor agreements," whereas a major dispute involves "rights and obligations that exist independent of the CBA."  *Id.* at 260.   "[F]ederal courts generally do not have jurisdiction over "minor" disputes (as defined above), which must be litigated before special arbitral or administrative tribunals." *Nachtsheim v. Cont'l Airlines*, 111 F. App'x 113, 116 (3d Cir. 2004) (citing *Childs v. Pa. Fed'n Bhd. of Maint. Way Employees*, 831 F.2d 429, 433 (3d Cir. 1987)).

The Court finds that Plaintiff's breach of contract claim qualifies as a minor dispute.  The Third Circuit Court of Appeals has explained that any claim requiring an interpretation of specific provisions in a CBA qualifies as a minor dispute.  *See Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 332 (3d Cir. 1993).  Moreover, where the plaintiff's basic injury is wrongful discharge, the claim is considered a minor dispute subject to preemption.  *Id.* at 333.  Here, Plaintiff's breach of contract claim involves an interpretation of three specific provisions of the CRA and the basic injury complained of is wrongful termination.   As such, Plaintiff's claim qualifies as a minor dispute subject to preemption.  *See id.* at 334 (finding it "hard to imagine" a circumstance where a state law tort claim arising from an allegedly wrongful discharge would "avoid RLA's mandatory recourse to arbitration").

Federal jurisdiction lies for such minor disputes in only four exceptional situations: (1) when "the employer repudiates the private grievance machinery"; (2) when "resort to administrative remedies would be futile"; (3) when "the employer is joined in a DFR claim against the union"; or (4) when "the union's DFR breach causes the employee to lose the right to present his or her grievance."  *Miklavic v. USAir Inc.*, 21 F.3d 551, 555 (3d Cir. 1994).  Although none of the parties address these exceptions to RLA preemption in their briefing, the exceptions appear inapplicable under the circumstances present here.   Accordingly, the Court finds that the RLA

preempts Plaintiff's breach of contract claim, and thus, the claim is dismissed for lack of subject matter jurisdiction.

### 5.   Federal Rule of Civil Procedure 8(a) and 10(b)

Lastly, the Court notes that Plaintiff has failed to adhere to Federal Rules of Civil Procedure 8(a) and 10(b).  First, Plaintiff's Amended Complaint fails to include either the required "short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  These rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (citing *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).  In addition to the Complaint's failure under Rule 8(a), Plaintiff's complaint fails to state her claims or defenses in numbered paragraphs, as required by Rule 10(b).

The Court will not dismiss a complaint merely because it does not comply with Rule 8 or Rule 10.  *See Coleman v. Camacho*, 2012 WL 5986455, at *3 (D.N.J. Nov. 27, 2012).  However, Plaintiff must remedy these deficiencies if she elects to file a second amended complaint.  *See Vurimindi v. Achek*, 515 F. App'x 95, 97 (3d Cir. 2013) (upholding the dismissal of a complaint for failure to comply with Rule 8(a) where Plaintiff repeatedly failed, despite specific instruction from the Court, to properly plead his claims).

### IV.   DENIAL OF ORDER IN FAVOR OF PLAINTIFF

In her opposition to the motions to dismiss, Plaintiff requests the Court to enter a partial order in favor of Plaintiff because United and AFA did not dispute the allegations in Plaintiff's Complaint.  *See* ECF No. 55 at 12.  Plaintiff appears to base her request on the false assertion that "[t]he defendants United and AFA union admitted that all the facts contained in the complaints [a]re TRUE."  ECF No. 55 at 2; *see also* id. at 12 ("AFA union did not dispute [its f]ailure to

protect its members from racial discrimination . . . [and is] not disputing anywhere that they did not represent [] [P]laintiff.").   However, Defendants have not admitted any of Plaintiff's allegations, and merely accepted as true the facts of the Amended Complaint for the purpose of their motions to dismiss.  *See* ECF Nos. 48-1 at 3, n.1, 49-2 at 3, n.1.  Therefore, Plaintiff's request is denied.

## V.   **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 48, 49) the Amended Complaint (ECF No. 41) are granted.  All claims are dismissed without prejudice pursuant to Rules 12(b)(1) and 12(b)(6).  Plaintiff may file a second amended complaint that cures the pleading deficiencies discussed herein within thirty (30) days of the date of this Opinion.   An appropriate Order accompanies this Opinion.

DATED:  February 26, 2021

_____
**CLAIRE C. CECCHI, U.S.D.J.**