NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA VILLARREAL,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., and ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO,<br><br>        Defendants. | Civil Action No.: 19-cv-10580<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motions to dismiss (ECF Nos. 87–88) Veronica Villarreal's ("Plaintiff") Second Amended Complaint (ECF No. 83, "SAC") filed by Defendants United Airlines, Inc. ("United") and Association of Flight Attendants-CWA, AFL-CIO ("AFA"). Plaintiff filed an opposition (ECF No. 100) and United and AFA (collectively, "Defendants") filed replies (ECF Nos. 105–06). On June 6, 2023, Magistrate Judge James B. Clark issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's SAC. ECF No. 129. Plaintiff objected to the R&R (ECF No. 135),[1] and Defendants filed oppositions to the objection

---

[1] Defendants contend that Plaintiff's objection should not be considered because it was filed one day after the deadline. ECF No. 136 at 3; ECF No. 137 at 2–3. In an abundance of caution, and because of the leniency afforded to *pro se* plaintiffs, the Court will consider Plaintiff's objection even though it was untimely. *See Hanzer v. Nat'l Mentor Healthcare, LLC*, No. CV 12-363, 2014 WL 4954303, at *1 n.1 (D. Del. Sept. 30, 2014) (considering *pro se* plaintiff's objection although it was not timely), *aff'd sub nom. Hanzer v. Mentor Network*, 610 F. App'x 121 (3d Cir. 2015); *Almodovar v. Thomas*, No. CV 12-5973, 2019 WL 3037158, at *1 n.1 (E.D. Pa. July 10, 2019) (same).

(ECF Nos. 136–37).  For the reasons set forth below, the Court adopts Judge Clark's R&R and dismisses the SAC.

I. **BACKGROUND**

The underlying facts and procedural history were detailed extensively in this Court's February 26, 2021 Opinion granting Defendants' first motions to dismiss.  ECF No. 71 ("February 26 Opinion").  As such, they will only be briefly summarized herein.  In 2016, Plaintiff sued United and her ex-supervisor in state court for wrongful termination, asserting discrimination claims.  *See Villarreal v. United Airlines*, No. ESX-L-005461-16.  The state court granted defendant's motion for summary judgment on September 28, 2018 and dismissed Plaintiff's complaint with prejudice.  *Id.*  On April 5, 2019, Plaintiff initiated this lawsuit based on similar allegations, but joined AFA as a defendant.  ECF No. 2.  This Court subsequently granted Defendants' motions to dismiss the amended complaint in its February 26 Opinion and the accompanying Order.  ECF Nos. 71–72.  In the February 26 Opinion, this Court found that:

> (A) all of Plaintiff's claims against United are barred by New Jersey's Entire Controversy Doctrine and *res judicata*, and thus are dismissed; (B) Plaintiff's Title VII claims against AFA and United, Plaintiff's breach of duty of fair representation claim against AFA, and Plaintiff's negligence claim against United and AFA are dismissed for failure to state a claim pursuant to Rule 12(b)(6); and (C) Plaintiff's breach of contract claim against United and AFA is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

ECF No. 71 at 9.  The Order allowed Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the February 26 Opinion.  ECF No. 72.  Plaintiff filed the SAC on May 3, 2021—five days after the deadline.  ECF No. 83.

In her SAC, which is largely duplicative of her amended complaint, Plaintiff alleges that she was wrongfully terminated by United in August of 2014 after being employed there for 17 years.  ECF No. 83 ¶ 2.  Plaintiff claims that she suffered racial and ethnic discrimination at the hands of her supervisor.  *Id.* ¶ 53.  Specifically, she contends she was called "Charo,"

apparently referencing "Plaintiff's ethnicity and accent." *Id.* ¶ 7. Plaintiff received disciplinary actions by her supervisor and alleges that she reported a "hostile work environment." *Id.* ¶¶ 8–9. Plaintiff states that when her supervisor learned Plaintiff had made an "official complaint of Discrimination," her supervisor retaliated by "sending a termination warning." *Id.* ¶ 10. From July 26–30, 2014, Plaintiff "called out on medical leave." *Id.* ¶ 16. On August 6, 2014, Plaintiff alleges that she was "informed she was terminated." *Id.* ¶ 18. Plaintiff states that AFA failed to adequately represent her during various employment disputes from 2008 to 2014 and subsequent termination hearings. *See, e.g., id.* ¶ 5. Plaintiff alleges four causes of action against both United and AFA that largely mirror her prior complaints[2]: (1) violations of Title VII; (2) breach of contract; (3) violations of the Railway Labor Act ("RLA") minor dispute provision; and (4) negligence. *Id.* ¶¶ 57–64. Plaintiff seeks compensatory damages and punitive damages, as well as the immediate reinstatement of her employment at United. *Id.* at 16.

## II.     STANDARD OF REVIEW

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the record in this matter and determines that Plaintiff's SAC should be dismissed.

---

[2] To provide a brief procedural history, Plaintiff filed her initial complaint in this matter on April 5, 2019. ECF No. 2. After this case was transferred to this Court (ECF No. 4), AFA filed a motion for a more definite statement, which was granted. ECF Nos. 12, 37. On June 2, 2020, Plaintiff filed a response to the motion, which the Court accepted as Plaintiff's amended complaint. ECF No. 41. Defendants subsequently filed motions to dismiss the amended complaint (ECF Nos. 48–49), which were granted in the February 26 Opinion. ECF No. 71. Finally, Plaintiff filed the SAC, the subject of the instant motions, on May 3, 2021. ECF No. 83.

### III. DISCUSSION

#### A. Plaintiff's Untimely Filing of the Second Amended Complaint

Plaintiff's objections are conclusory, unsupported by the record, and largely "rehash an argument presented to and considered by [the] magistrate judge"—rather than pointing to any clear error in the R&R. *Morgan v. Astrue*, No. 08-cv-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (collecting cases); *see also Nghiem v. Kerestes*, No. 08-cv-4224, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009). Plaintiff objects to Judge Clark's R&R because it purportedly commits "Fundamental Error" by concluding that the SAC was untimely. ECF No. 135 at 3. The February 26 Opinion provided 30 days for Plaintiff to file the SAC. ECF No. 71 at 22. Plaintiff subsequently requested an additional extension to April 28, 2021. ECF Nos. 76, 79. Even after requesting and receiving the extension, Plaintiff filed her SAC five days after the April 28, 2021 deadline. ECF Nos. 76, 79, 83. She posits—reiterating arguments previously rejected by Judge Clark—that she emailed the SAC, seemingly to Defendants, on the day it was due (but "do[es] not [k]now whether the PDF was or was not attached to the email"). ECF No. 135 at 3. However, this fails to address why the SAC was not timely filed with the Court, and Plaintiff admits she is unsure of whether the SAC was attached to the email. *Id.* As such, this Court finds that the untimely filing of the SAC, especially after continued disregard throughout the matter for deadlines concerning pleadings, oppositions, and discovery requests,[3] warrants dismissal. *See Martinez v. Fudeman*, 742 F. App'x 705, 707 (3d Cir. 2018) ("[D]espite his pro se status, [Plaintiff] was responsible for knowing the procedural rules."). Nevertheless, even if the SAC

---

[3] For example, Plaintiff filed her prior amended complaint (ECF No. 41) three days late, filed her response to Defendants' first motions to dismiss (ECF No. 55) eight days late, and failed to timely respond to discovery requests, despite two courts orders to do so (ECF Nos. 46, 63, 65).

were timely filed, Defendants' motions to dismiss would be granted for the independent reasons set forth below.

### B. Preclusion as to Plaintiff's Claims Against United

Plaintiff's second objection states that her claims are not precluded as to United because the state court action involved a claim for wrongful termination, but the instant matter is based on "completely different new claims." ECF No. 135 at 3–5. She also insists that she has new evidence that her termination was "overturned." *Id.*

As described in the February 26 Opinion:

> The Entire Controversy Doctrine, codified under N.J. Ct. R. 430A, and *res judicata* "both share a trio of requirements" for preclusive effect to be given to a claim: (1) "the judgment in the prior action must be valid, final, and on the merits"; (2) "the parties in the action must be identical or in privity with those in the prior action"; and (3) "the action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802 (3d Cir. 2017) (applying the Entire Controversy Doctrine together with *res judicata*) (citations omitted). All three elements are satisfied here.

ECF No. 71 at 9.

Once again, the requirements for preclusion regarding United are present herein. First, the state court action was dismissed with prejudice on a motion for summary judgment. *See Villarreal v. United Airlines*, No. ESX-L-005461-16, Order for Summary Judgment (Sept. 28, 2018). This judgment is valid, final, and on the merits. *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 214 n.17 (3d Cir. 2004) ("[A] dismissal with prejudice clearly constitutes an adjudication on the merits. . . ."); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."). Second, United and Plaintiff were both parties in the prior action and in this matter. Lastly, Plaintiff's claims in this lawsuit arise out of the same transaction or occurrence as her claim in the state court action, "namely

Plaintiff's employment at United and her subsequent termination." ECF No. 71 at 10. In evaluating the third element, courts consider whether the acts complained of and the material facts alleged are the same, whether the relief sought is the same, and whether the same evidence necessary to maintain the second action would have been sufficient to support the first. *See United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). At its core, the SAC remains a discrimination claim against United, describing how Plaintiff was allegedly mocked because of her ethnicity, and ultimately terminated for failing to call out of work. *Compare* ECF No. 88-3 at Ex. C ¶¶ 5–14 (state court complaint), *with* ECF No. 83 ¶¶ 4–18 (SAC describing similar factual allegations as the state court complaint); *see also* ECF No. 71 at 10–11. The relief sought—compensatory and punitive damages—is the same in both actions, although Plaintiff additionally seeks immediate reinstatement in the SAC. *Athlone Indus., Inc.*, 746 F.2d at 984 ("Nor is it dispositive that the [Plaintiff] asserts a different theory of recovery or seeks different relief in the two actions."). Finally, the evidence necessary to maintain the instant action, such as evidence of discriminatory acts by her supervisor or other individuals at United, would have supported the state court action. *See id.*; *Frazier v. Morristown Mem'l Hosp.*, No. CV176631, 2018 WL 4462501, at *4 (D.N.J. Sept. 18, 2018) (finding *res judicata* applied because "to prove her claims here, Plaintiff would have to present the same [e]vidence. . . that would have been necessary" in the prior action), *aff'd,* 767 F. App'x 371 (3d Cir. 2019).[4] Thus, all the elements of preclusion as to Plaintiff's claims against United are met here.

---

[4] The Entire Controversy doctrine and *res judicata* bar all the claims asserted in this matter because each claim was either raised or could have been raised in the state court action. *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 548 (D.N.J. 2017) (finding the Entire Controversy doctrine bars claims that "accrued, ripened, and became known to [Plaintiff] during the pendency of the state court [] action"); *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) ("The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." (citation omitted)).

While Plaintiff asserts that she received "new" documents in March of 2019 proving her termination was overturned (ECF No. 135 at 3–4), the Court previously held that these documents do not "appear to show that [Plaintiff's] termination was overturned," instead they "merely state[] the relief that Plaintiff sought from the grievance committee" (ECF No. 71 at 5).[5]  Ultimately, Plaintiff has not presented any new legal theories or facts in the SAC that would change the Court's finding in the February 26 Opinion that all claims against United are barred by New Jersey's Entire Controversy Doctrine and *res judicata*.  *See, e.g.*, *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 550 (D.N.J. 2017).  Therefore, the claims against United are precluded and hereby dismissed.

      **C.**      **Exhaustion of Administrative Remedies and Statutes of Limitations**

Next, Plaintiff objects to Judge Clark's finding (ECF No. 129 at 8–10, 12–13) that she failed to plead exhaustion of administrative remedies and did not adhere to the statutes of limitations.  ECF No. 135 at 5–6.  As to exhaustion, Plaintiff argues that she is "free to seek preliminary injunction relief without filing with EEOC or wait for determination." *Id.* at 6.  Contrary to Plaintiff's conclusion, however, "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  This Court previously dismissed Plaintiff's Title VII claim against AFA because Plaintiff failed to allege that she "filed an EEOC claim or obtained a right-to-sue letter against AFA." ECF No. 71 at 12–13.  In her SAC, Plaintiff once again does not allege that she had a right-to-sue letter with regard to AFA. *See generally* ECF No. 83.  Thus, Plaintiff's Title VII claim against AFA must be dismissed. *See, e.g.*, *Story*

---

[5] In addition, United explains that "Plaintiff was in possession of this evidence while discovery in the State Court Action was ongoing." ECF No. 106 at 2, 5.

7

*v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007) (affirming district court's finding that Plaintiff could not proceed with his Title VII claim where he had not provided evidence of a right-to-sue letter).

Plaintiff also summarily concludes that the "[s]tatutes of limitation do not apply to Plaintiff['s] complaint."[6] ECF No. 135 at 6. Again, Plaintiff provides no support for this conclusion, and it is without merit. A Title VII action "must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *Burgh*, 251 F.3d at 470 (citing 42 U.S.C. § 2000e-5(f)(1)). Beginning with the Title VII claim against United, Plaintiff indicates in the SAC that she received her right-to-sue letter from the EEOC *before* she filed the state court action in August 2016. ECF No. 83 ¶ 49. In turn, the instant matter—commenced in April 2019—exceeds the 90 days in which Plaintiff could have timely brought an action. *See, e.g.*, *Carter v. Keystone*, 360 F. App'x 271, 272 (3d Cir. 2010) (affirming district court's dismissal of Title VII claim as untimely when filed beyond the 90 days). This Court previously explained that Plaintiff's Title VII claim against United was untimely (ECF No. 71 at 15), and Plaintiff has failed to rectify such defect in her SAC.

The R&R also recommends Plaintiff's negligence claims be dismissed as time-barred under New Jersey's two-year statute of limitations. ECF No. 129 at 12–13; *Reeves v. Cnty. of Bergen*, No. 18-cv-14061, 2023 WL 8520742, at *5 (D.N.J. Dec. 8, 2023) ("Under New Jersey law, negligence claims are also subject to a two-year statute of limitations."). This Court previously held these claims were untimely. ECF No. 71 at 18–19. Plaintiff fails to allege new

---

[6] Plaintiff argues that "[u]nder the principles of the equitable tolling, equitable estoppel also called fraudulent concealment and the discovery rule" the statutes of limitations do not apply. ECF No. 135 at 6; *see also* ECF No. 83 at 14. However, Plaintiff provides no support for these statements beyond baselessly attempting to argue that the documents showing the "overturning" of the termination were deliberately withheld.

facts sufficient to render her negligence claims timely, as there is no indication that any alleged action committed by Defendants from which Plaintiff sustained damages occurred after 2016. *See generally* ECF No. 83. The Court, therefore, dismisses Plaintiff's negligence claims as untimely. *See, e.g.*, *Watkins v. Merriel*, No. CIV.A. 12-4851, 2015 WL 1266794, at *3 (D.N.J. Mar. 19, 2015) (dismissing negligence claims as untimely under New Jersey law because "more than two years have elapsed since the accrual of the negligence claims").

### D. Plaintiff's Other Objections

Lastly, Plaintiff broadly objects to the R&R's conclusions that Plaintiff alleged no new facts or legal theories, that there exists a failure to state a claim, and that all counts should be dismissed. ECF No. 135 at 4–5. As discussed above, this Court agrees with the R&R's conclusions and finds that all claims against United are dismissed under preclusion doctrines, the Title VII claim against AFA is dismissed for failure to plead exhaustion of administrative remedies, and the Title VII claim against United and negligence claims against both Defendants are time-barred by the applicable statutes of limitations. Plaintiff's SAC does not allege new facts or legal theories sufficient to rectify these deficiencies described in the February 26 Opinion.[7] Thus, the only counts remaining are Plaintiff's breach of contract claim and her violation of the RLA minor dispute claim.

---

[7] For example, the February 26 Opinion stated: "The Amended Complaint does not contain any allegation that Plaintiff filed an EEOC claim or obtained a right-to-sue letter against AFA, and no such documents are attached to her filings." ECF No. 71 at 12–13. The SAC makes no allegations that Plaintiff filed an EEOC claim against AFA, and explicitly states that "Plaintiff filed a claim at EEOC against *United Airlines*." ECF No. 83 ¶ 32 (emphasis added).

### i. The RLA and Preemption of Breach of Contract Claims

Plaintiff's employment with United was subject to the RLA[8] (45 U.S.C. § 151, *et seq.*; 45 U.S.C. § 181, *et seq.*), which was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The RLA governs three types of disputes: (1) "representation disputes" (disputes concerning the selection of collective-bargaining representatives), (2) "major disputes," (disputes over the formation of collective agreements or efforts to secure them), and (3) "minor disputes" (disputes concerning an interpretation of existing collective agreements). ECF No. 71 at 17–18 (quoting *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines*, 155 F.3d 685, 690 (3d Cir. 1998)); *see also Int'l Ass'n of Machinists & Aerospace Workers Dist. Local Lodge 1776 v. Jackson*, No. 09-150, 2010 WL 597247, at *3 (E.D. Pa. Feb. 19, 2010).

The RLA preempts all state law governing so-called "minor" disputes—which involve "the interpretation or application of existing labor agreements,"—between employers and employees. *Hawaiian Airlines, Inc.*, 512 U.S. at 256, 260–62. "[F]ederal courts generally do not have jurisdiction over 'minor' disputes . . ., which must be litigated before special arbitral or administrative tribunals." *Nachtsheim v. Cont'l Airlines*, 111 F. App'x 113, 116 (3d Cir. 2004) (citing *Childs v. Pa. Fed'n Bhd. of Maint. Way Employees*, 831 F.2d 429, 433 (3d Cir. 1987)).

Here, it appears Plaintiff's breach of contract claim is based on violations of Sections 18–20 of "the contract," *i.e.*, the collective bargaining agreement ("CBA"). ECF No. 83 ¶ 60.[9] As this Court described in the February 26 Opinion:

---

[8] All provisions of the RLA were made applicable to airlines by 45 U.S.C. § 181 (except the provision creating the National Railroad Adjustment Board).

[9] The SAC provides little detail, but alleges, for example: "Violation of CBA : Section 18 (A) (1-3) No investigations ,Not allowing the Plaintiff to be present ,No Documents ,no reports or statements or other information and Violation Section 19 (A) (1-5) (B) (1-4)." ECF No.

> The Third Circuit Court of Appeals has explained that any claim requiring an interpretation of specific provisions in a CBA qualifies as a minor dispute. *See Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 332 (3d Cir. 1993). Moreover, where the plaintiff's basic injury is wrongful discharge, the claim is considered a minor dispute subject to preemption. *Id.* at 333. Here, Plaintiff's breach of contract claim involves an interpretation of three specific provisions of the [CBA] and the basic injury complained of is wrongful termination. As such, Plaintiff's claim qualifies as a minor dispute subject to preemption.

ECF No. 71 at 20. The SAC contains nothing that would change this analysis—Plaintiff's breach of contract claim still involves interpretation of provisions of the CBA and wrongful termination, and falls under the minor dispute prong of the RLA. Thus, "this Court lacks subject matter jurisdiction over any breach of contract claims, due to preemption by the RLA." *Id.* at 19; *Capraro v. United Parcel Serv. Co.*, 993 F.2d 328, 332, 334 (3d Cir. 1993) (finding it "hard to imagine" a circumstance where a state law tort claim arising from an allegedly wrongful discharge would "avoid RLA's mandatory recourse to arbitration"). Accordingly, the Court finds that there is no reason to deviate from its previous ruling and dismisses Plaintiff's breach of contract claim for lack of subject matter jurisdiction.

### ii.     Violation of RLA Minor Dispute Claim

Finally, the third count of the SAC alleges a "violation of RLA minor dispute," which appears to be contesting whether the Court has jurisdiction over this "minor dispute" discussed above.[10] ECF No. 83 ¶¶ 61–62. In the February 26 Opinion, this Court explained that there were

---

83 ¶¶ 10, 14. The SAC also alleges: "Ms,Devito concluded that United Airlines violated the CBA by not turning over the scheduling tapes Section 18 (19-7)." *Id.* ¶ 23.

[10] In the prior amended complaint, Plaintiff had alleged that AFA violated Section 204 of the RLA when it purportedly failed to alert Plaintiff that her termination was overturned. ECF No. 41 at 9. In the February 26 Opinion, the Court found there was no private cause of action for a breach of Section 204 of the RLA. ECF No. 71 at 17–18. In the SAC, Plaintiff now alleges a claim for "violation of RLA minor dispute" and lists the legal standard for having federal jurisdiction over minor disputes. ECF No. 83 at 15. Given the law cited by Plaintiff and that a minor dispute is merely one type of dispute governed by the RLA (not a substantive cause of action itself), Plaintiff

four situations when a court *would* have federal jurisdiction over minor disputes. ECF No. 71 at 20. This Court described:

> Federal jurisdiction lies for such minor disputes in only four exceptional situations: (1) when "the employer repudiates the private grievance machinery"; (2) when "resort to administrative remedies would be futile"; (3) when "the employer is joined in a DFR claim against the union"; or (4) when "the union's DFR breach causes the employee to lose the right to present his or her grievance." *Miklavic v. USAir Inc.*, 21 F.3d 551, 555 (3d Cir. 1994).

ECF No. 71 at 20.

In the SAC, Plaintiff alleges all four of these situations (which would allow this Court to have jurisdiction) apply because "Plaintiff contacted the AFA-CWA GOVERNMENT AFFAIRS in order to resolve Plaintiff Termina[t]ion and to return to work, all attend by Plaintiff were ignore." ECF No. 83 ¶ 62. As Judge Clark (ECF No. 129 at 11–12) and AFA (ECF No. 105 at 5–6) explained, this Court does not have jurisdiction because Plaintiff fails to demonstrate that any of the four extremely limited exceptions apply. Plaintiff has not sufficiently pleaded that United repudiated the contractual grievance process, that resorting to administrative remedies would be futile, or that Plaintiff lost her right to present her grievance (indeed, the grievance was presented). Lastly, the third exception does not apply because Plaintiff has not alleged a duty of fair representation ("DFR") claim.[11] *Mills v. Endeavor Air, Inc.*, No. CV 20-566, 2021 WL 1075234, at *6 (W.D. Pa. Feb. 2, 2021), *report and recommendation adopted,* No. CV 20-566, 2021 WL 1060937 (W.D. Pa. Mar. 19, 2021). Moreover, even if she had alleged

---

appears to be arguing that this Court has jurisdiction over a minor dispute.

[11] AFA interprets Plaintiff's violation of RLA minor dispute claim as an attempt to allege a claim for breach of the DFR. ECF No. 87-2 at 19. Judge Clark correctly notes, however, that Plaintiff did not assert a breach of the DFR in the SAC, as she did in her amended complaint. *See* ECF Nos. 41 at 8, 83, 129 at 12 n.3. Even if she did, this Court previously held that Plaintiff's DFR claim was time-barred under the applicable six-month statute of limitations (ECF No. 71 at 16–17), and there is nothing presented in the SAC that would necessitate a different outcome.

a DFR claim, this exception only applies when the plaintiff alleges facts "'tying the employer to the events complained of,' such as 'collusion or some similar nexus between the union and the employer,' rather than 'separate and distinct' claims." *Nachtsheim*, 111 F. App'x at 116 (quoting *Masy v. N.J. Transit Rail Ops., Inc.*, 790 F.2d 322, 327 (3rd Cir. 1986)) (holding that a union failing to provide the plaintiff with effective representation was a separate and distinct claim from his employer terminating him without cause, and thus the court lacked subject matter jurisdiction).

## IV.    MOTION FOR SANCTIONS

Plaintiff also filed a motion for sanctions (ECF No. 89), and Defendants filed oppositions (ECF Nos. 91–92). This motion is denied. Plaintiff again argues that there are documents proving her termination was overturned. As discussed above, the Court has found that the referenced documents "merely state[] the relief that Plaintiff sought from the grievance committee." ECF No. 71 at 5. Further, a party cannot file a motion for sanctions until it first sends the motion to the other party, and allows the other party 21 days to rectify the issue. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 1998); *Albibi v. Tiger Mach. Co.*, No. CIV.A. 11-5622, 2014 WL 3548312, at *2 (D.N.J. July 17, 2014). As an independent reason for denial of Plaintiff's motion for sanctions, Plaintiff has not provided any evidence she complied with Federal Rule of Civil Procedure 11(c)(2). *See, e.g.*, *Petit-Clair v. New Jersey*, No. CV 2:14-07082, 2016 WL 1568282, at *1–2 (D.N.J. Apr. 18, 2016) (denying motion for sanctions because the movant "failed to strictly comply with Rule 11's 'safe harbor provision'").

## V.    CONCLUSION

Therefore, given that all of Plaintiff's claims should be dismissed for the numerous reasons discussed in this Opinion and Judge Clark's R&R, the SAC is hereby dismissed with prejudice.

Accordingly, **IT IS** on this 31st day of January, 2024,

**ORDERED** that this Court adopts Judge Clark's June 6, 2023 Report and Recommendation (ECF No. 129) and grants Defendants' motions to dismiss Plaintiff's SAC (ECF Nos. 87–88) with prejudice; and it is further

**ORDERED** that Plaintiff's motion for sanctions (ECF No. 89) is denied; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED.**

**SO ORDERED.**

                                                        */s/ Claire C. Cecchi*
                                                    **HON. CLAIRE C. CECCHI**
                                                    **United States District Judge**